FRANK HARRINGTON v. THE STATE.

No. 19705. Delivered May 11, 1938.
Rehearing denied June 22, 1938.

The opinion states the case.

*Xavier Christ,* of Port Arthur, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Robbery by assault is the offense; penalty assessed at confinement in the penitentiary for five years.

Iver LeDouex, the alleged injured party, testified that he was a seaman and resided in Lake Charles, Louisiana; that he had occasion to be in Port Arthur, Texas, on October 4, 1937. He knew the appellant, Frank Harrington, and also Mose Genusa. He met them at LeBlanc's Cafe, where they drank whisky and beer together. They next went to Anchor Away and drank some beer. LeDouex paid for all the drinks at each place mentioned. They then went over to the Rain Bow Inn, where they drank some more beer. At the Rain Bow Inn, LeDouex met Katherine Smith, with whom he made a date after having danced with her for awhile. They went to her room upon her suggestion. LeDouex gave her $10.00 for the "date" and then gave her $5.00 with which to buy some gin. She took the money and went off. She was gone so long that LeDouex thought she was not coming back. He started downstairs to look for her, and as he opened the door, he was struck on the jaw by Genusa, who was with the appellant at the time. LeDouex said that the blow "knocked him out" and when he woke up he was in the hospital. After having given Katherine Smith the $15.00, LeDouex counted the money in his pocket and found that he had $43.00 left. When he regained consciousness at the hospital, LeDouex had his pocket book but there was not a penny in it. He said he did not give the appellant or anyone

else consent to take his money. LeDouex testified that after hitting him on the head appellant and Genusa choked him, and that one of his teeth was broken by the blow which he received on the jaw.

Mrs. John King testified that she resided at 1110 Tenth Street, Port Arthur, Texas; that on the night of October 4, 1937, she saw Katherine Smith come to the house and go upstairs to her room. She was in company with a man whom the witness later learned was Iver LeDouex. Shortly thereafter the appellant came to the house in company with Genusa. The two men sat down in the living room for awhile and then the appellant started upstairs. The witness forbade him to do so. He went back to the bathroom and then went upstairs over the protest of the witness. After a few minutes the witness heard a commotion upstairs, and as she reached the top of the stairs she met the appellant who was coming down. She asked him what was going on but he made no reply. She went into the room which Katherine Smith had rented and there found LeDouex lying across the bed with his mouth bleeding. She went down and summoned an officer and later called an ambulance. The witness testified that she was positive the appellant was the man who was coming down the stairs as she started up.

Katherine Smith testified that she worked at a beer parlor known as the Rain Bow Inn; that she had a room at 1110 Tenth Street. On the night of October 4, 1937, LeDouex, Mose Genusa and the appellant came to the beer parlor where they danced and drank beer. The drinks were all paid for by LeDouex. He made a date with the witness and they went to her room for the purpose of filling the date, for which he paid her $10.00. Upon arriving at her room, LeDouex gave her another $5.00 and asked her to get some gin. Before going to her room, the witness had a conversation with appellant and Genusa during which he (appellant) told her to take LeDouex out in the back of the beer parlor; that he would knock LeDouex in the head and then take his money. She said, "No," that she was going to get a room and put him to bed. She left the beer parlor in company with LeDouex, took him to her room and put him to bed as he was pretty drunk. They were followed by the appellant and Genusa. After putting LeDouex to bed, the witness took the $5.00 and. started out to purchase some gin. She met appellant and Genusa, and requested appellant to get the gin, which he did. She then went upstairs to fill the date with LeDouex and stayed there about 15 or 20 minutes. Upon going downstairs again, she saw appellant and Genusa, who were

sitting on the porch drinking the gin. She took the gin, went back upstairs and gave it to LeDouex, who tasted it and put it down on the floor. The witness went downstairs to the bathroom, after which she went back upstairs to tell appellant something that Mrs. King had said. The witness then went downstairs and said she was going out to supper. She was not present when the robbery was committed by the appellant and Genusa. She said she did not take any money from LeDouex except that which he had given her.

Pozo, a police officer, testified that he went to 1110 Tenth Street in Port Arthur on the night of October 4, 1937, for the purpose of investigating an alleged robbery. He went upstairs in the house and found LeDouex lying on the bed. The right side of his head looked like a big egg, and the side of his jaw stuck out. Blood was coming out of his mouth and he was unable to speak. The officer examined LeDouex's pockets, which were turned inside out. He also examined the pocket book which was empty. An ambulance was called and LeDouex was taken to the hospital. The officer said he found a half-pint bottle of gin on the bed.

The appellant testified that he first met LeDouex at LeBlanc's Cafe in the afternoon of October 4, 1937. Mose Genusa knew LeDouex and spoke to him. The three men got to drinking gin which LeDouex had with him. They next went to a place called Anchor Away where they drank and danced until about dark. From there they went to another beer parlor known as the Rain Bow Inn. After drinking and dancing for awhile, LeDouex made a date with Katherine Smith, who worked in the beer parlor, and they started off together. When asked by appellant where he was going, LeDouex said he was going to Katherine Smith's house. Appellant said: "How about us following you up there and waiting?" LeDouex replied: "That is good enough." Appellant and Genusa then followed LeDouex and Katherine Smith to her house and remained on a corner to wait for him. After waiting for about fifteen minutes, they started up to the house when they were met by Katherine Smith who said she was going after some gin. She gave appellant a $5.00 bill and asked him to get the gin for her, which he did. He also bought some beer which he and Genusa drank in addition to the gin. According to the appellant, "When he left there we were really drunk." Appellant denied going up to the room occupied by LeDouex and knocking him in the head and robbing him. He testified: "I was so full of gin and beer that I didn't know whether I was going or coming." He did not

remember whether he went to LeDouex's room or not. On cross-examination the appellant testified that he was so drunk that he did not remember whether or not Genusa hit LeDouex.

No bills of exception appear in the record, but in his motion for new trial appellant contends that the evidence is insufficient to support the conviction.

The appellant and Mose Genusa were jointly indicted for the robbery of LeDouex, but a severance was granted and the appellants were tried separately.

In his brief, counsel for appellant sets out various instances of conflict in the testimony of the State's witnesses who testified in the trials of the appellant and Mose Genusa. However, this Court has before it only the record in the appeal of appellant, and therefore can not appraise the evidence that was before the trial judge in the trial of Mose Genusa. It is a general rule that the appellate court is bound by the record on appeal and will consider only such matters and facts as appear therein. See 4 Tex. Jur., p. 177, Section 127.

Deeming the evidence sufficient to support the conviction, and perceiving no error justifying a reversal, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—It is conceded that the record shows that the witness Katherine Smith gave testimony upon the present trial which in some particulars was in conflict with her testimony given upon the trial of Mose Genusa. This fact alone does not militate against our conclusion that the evidence is sufficient to sustain the judgment of conviction. Whether the witness was credible was a question for the jury. We deem the evidence sufficient.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.